United States District Court
for the Southern District of Mississippi
Northern Division

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY -8 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

Scott Tyner, Plaintiff

Civil Action No: 3:24cv256-DPJ-ASH

v.

Dr. Arnold, Head

Warden Brown, MTC,

Loretta Crockett,

Capt. Winston and

John Doe

Original Complaint

## INTRODUCTION

This is a civil rights action filed by Scott Tyner a prisoner pro se under the authority of the Mississippi Department of Corrections (M.D.O.C.) for damages and injunctive relief under 42 U.S.C. § 1983 alleging excessive use of force and denial of medical care in violation of the Eighth Amendment of the Constitution of the United States. This case falls under the Continueing Violation Theory. Additionally, plaintiff alleges deliberate indifference, negligence, torts and tortious conduct, intentional infliction of pain and emotional distress, malicious and sadistic conduct, and assault and battery.

Due to lack of time and the need for plaintiff to receive medical treatment on his back posthaste as it is causing him extreme pain everyday and may worsen without treatment, plaintiff is limiting the "Facts" below to those pertaining to

2

his medical claim only. Plaintiff will supplement this original Complaint in due time.

## JURISDICTION

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331(1) and 1343.

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 USC § 1367.

## PARTIES

3. Plaintiff, Scott Tyner, M.D.O.C. # 194369, has been under the custody of M.D.O.C. since December, 2014. He has been residing at and under the authority of East Mississippi Correctional Facility ("E.M.C.F.") since August, 2017, where the events and conditions at the heart of this suit arose.

4. Defendants Loretta Crockett, Unit Manager, and Capt. Winston, were supervisory

3

correctional officers who ordered others and/or themselves mishandled plaintiff in order to cause him pain and/or injury and emotional and mental distress on or about January 18th, 2022, at EMCF. Plaintiff sues them in their official and personal capacities.

5. Security John Doe(s) was a correctional officer at EMCF and participated in the excessive of force event against plaintiff on January 18th, 2022. He is sued in his personal capacity.

6. Interim Head Warden Brown is for the time being the supervisory executive over EMCF. She is sued in her official and personal capacities not so much for her own actions but as the titular head of EMCF.

7. Management & Training Corporation ("M.T.C.") is the owner and managing company

4

of EMCF. MTC is sued in its official and personal capacities.

8. Dr. Arnold has been plaintiff's treating physician at EMCF since August, 2017. He is sued in his personal and official capacities.

9. Medical John Doe(s) are other medical staff who participated in or are complicit in plaintiff's denial of medical care. They will be sued in their personal and/or official capacities.

## FACTS TO DENIAL OF MEDICAL CARE

10. On or about January 18th, 2022, plaintiff was mercilessly and tortiously manhandled by EMCF Security Staff and dragged perhaps 70 yards under the direction of and by defendants Crockett and Winston. Plaintiff began experiencing regular ongoing back pain soon after.

11. Plaintiff made various requests to EMCF's medical staff for medicine to reduce

5

his back pain and received either a card of ibuprofen or tylenol KOP (Keep-on-Person) on February 5th or 6th, 2022, March 13th, 2022, March 14th, 2022 and April 9th, 2022.

12. On March 14th, 2022, plaintiff began taking Indomethacin daily for his back pain.

13. On August 24th, 2022, upon his request, plaintiff's daily dose of Indomethacin was reduced.

14. On March 17th, 2023, plaintiff had perhaps the worst episode of his back going out in his life. The pain lingered well after five days.

15. On July 5th, 2023, plaintiff's back went out again. Plaintiff had a visceral sensation of his spinal cord slipping down and out of his spinal column. Again, plaintiff's pain increased. By this point the pain has been down his left leg, left hip and buttock.

16. On July 13th, 2023, plaintiff

requested an increase in Indomethacin.

17. July 23rd, 2023, a nurse gave plaintiff ibuprofen, too, because his pain was so bad.

18. August 8th, 2023. Plaintiff visited Dr. Arnold who agreed to increase his Indomethacin. Plaintiff explained how bad and persistent his back pain was and how it had extended down his leg. Nurse Gowdy was in attendance and performed a kind of physical exam. Plaintiff asked to be sent offsite to a back specialist, but they did not answer.

19. Plaintiff's back pain (down the left leg, hip and buttock) has continued to worsen and on November 21st, 2023, he ~~xxxxxxxxxxxx~~ visited Dr. Arnold. Plaintiff reviewed several points about treatment of sciatica from the website sponsored by the Cleveland Clinic, but Arnold was dismissive and offered plaintiff no additional help.

20. November 28th, 2024. Plaintiff had

7

an x-ray on his back at EMCF. No one speaks to plaintiff about it until April 24th, 2024, when Dr. Arnold told him it revealed he had mild degenerative disc disease ("DDD").

21. November 30th, 2023. Plaintiff was given something like a physical exam by Nurse Gowdy and possibly administered the "straight leg raise" test. Gowdy indicated to plaintiff that she would set up an appointment for him to go offsite to see a back specialist, yet that did not occur.

22. (Out of chronological order.) Plaintiff files a grievance, a.k.a. ARP (Administrative Remedy Program) on October 30th, 2023, about the lack of medical care for his back. It would become ARP EMCF 24-10.

23. January 4th, 2024. Plaintiff sent in a Medical Request indicating that the pain

8

in his leg was getting worse.

24. January 25th, 2024. While visiting Dr. Arnold on a separate issue, he revealed to plaintiff that he was <u>not</u> being sent offsite.

25. Plaintiff's back pains have been getting worse. On March 18th, 2024, plaintiff sends in a Medical Request, asking for shots for pain and to go offsite.

26. On March 25th & 26th, 2024, plaintiff received three shots for his back pain but saw little to no difference. Dr. Arnold tells him he will <u>not</u> be sent offsite to a back specialist.

27. Plaintiff's back pain grows increasingly more severe. On April 24th, 2024, he visits Dr. Arnold who switches him from Indomethacin to Mobic. Arnold tells plaintiff he will not be sent offsite, he does not have the diagnosis. When plaintiff reminds the doctor of his November x-ray, Arnold for the first

9

time tells plaintiff that it reveals he has mild DDD. Still, he will not be sent offsite. Arnold gives plaintiff no description, illustration or recommendations on his new diagnosis.

28. It is Dr. Arnold who is responsible for not sending plaintiff offsite to a back specialist.

29. On information and belief, if plaintiff is not sent to a back specialist for treatment for his back problems, sciatica and DDD, he will continue to suffer in pain unnecessarily and will risk permanent disability.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

30. Plaintiff filed an ARP on the excessive force event in February of 2022. Despite repeated re-filings, it was never answered nor given an ARP number, so it is exhausted.

31. Plaintiff's ARP for denial of medical care, ARP EMCF 24-10, has been exhausted.

## CLAIMS FOR RELIEF

32. The actions of defendants Crockett, Winston and Doe in using excessive physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, or in directing the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution

33. The actions of defendants Winston and Doe in using excessive physical force against the plaintiff without need or provocation constituted the tort of assault and battery under the law of Mississippi.

34. The failure of defendants Arnold,

11

Doe and Brown in her temporary position as Head Warden to provide plaintiff with adequate medical treatment and care for his back problems, back pain, sciatica, DDD, and mental and emotional anguish related to same constitutes deliberate indifference and is violative of the Eighth Amendment of the federal constitution.

35. All listed actions, crimes, misfeasance, malfeasance and nonfeasance were performed under the responsibility, culpability and liability of defendants MTC and its Head Warden, defendant Brown or others, and implicates their failure to train, lack of staffing and failure of supervision.

RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a preliminary injunction ordering defendants Arnold, Brown, MTC or their

12

agents to:

1. Immediately send plaintiff offsite to a back specialist for examination of his back, sciatica and/or DDD and for them, the back specialist, to create a plan of treatment to remedy, cure or otherwise treat the back problems and pain plaintiff is suffering; and

2. Carry out without delay the plan of treatment created by the back specialist.

* Other forms of relief will be described in a future complaint.

This the 2nd Day of May, 2024,

Respectfully Submitted,
Scott Tyner
Scott Tyner, 194369
EMCF, 2C, #210
10641 Hwy. 80 West
Meridian, MS 39307